UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

AARON NORMAN,

           Plaintiff,                      Case No. 2:22-cv-92

v.                                          Honorable Maarten Vermaat

UNKNOWN RADAR et al.,

           Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 4.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding

tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to the action at the time the magistrate entered judgment.").[1]

Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Whitley and Tuzinowksi. The Court will also dismiss, for failure to state a claim, Plaintiff's Eighth Amendment claim against Defendant Radar.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Corrections Officers Unknown Radar, Unknown Whitley, Unknown Root, and Sergeant Unknown Tuzinowski.

Plaintiff alleges that on March 3, 2021, he suffered an allergic reaction from wearing rubber gloves while preparing a meal in the unit microwave. Health Care prescribed a dose of Benadryl and Plaintiff returned to his bunk. Shortly thereafter, Plaintiff began sweating, feeling dizzy, and breaking out in hives. Other prisoners notified staff and Defendants Radar and Whitely brought a wheelchair to take Plaintiff to health care. While Plaintiff was waiting for assistance, he began to experience a "sour stomach" and an urge to defecate. (ECF No. 1, PageID.5.) When Defendant

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. Feb. 10, 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Radar entered Plaintiff's room with a wheelchair, Plaintiff requested to use the bathroom before leaving the unit. Defendant Radar said, "You won't be needing this wheelchair then" and backed out of the cubicle. (*Id.*) Within seconds, Plaintiff lost consciousness and hit his head on a bunk as he fell to the floor. Defendant Whitley and a number of prisoners rushed into Plaintiff's cubicle. The prisoners helped Plaintiff into the wheelchair while Defendant Whitley stood nearby. Plaintiff states that he sustained a head injury, including a cut on his scalp.

Later that day, Plaintiff filed a grievance on Defendants Radar and Whitley. Plaintiff asserts that Sergeant MacArthur, who is not named as a defendant, sought to cover up the failures of Defendants Radar and Whitely by misstating the events shown in the video of the incident in his April 6, 2021, response. During the grievance interview, Plaintiff complained about Sergeant MacArthur's recitation of the events and stated that he would pursue the matter. Plaintiff filed step I and II grievance appeals.

On March 11, 2021, Plaintiff learned that Defendant Radar had taken his personal property and packed it with his bunkie's property, despite the fact that the items had been in Plaintiff's area of control. Plaintiff asked Defendants Root and Radar to call a sergeant so he could report the matter. Plaintiff was told that he would learn his lesson regarding grievances. Moments later, Defendant Tuzinowski entered the unit and Defendant Root immediately stated that Plaintiff had been upset and yelling. Without giving Plaintiff a chance to explain, Defendant Tuzinowski handcuffed Plaintiff and walked him to the control center. Defendant Tuzinowski then forced Plaintiff to submit to an unwarranted strip search. In a later grievance response, Defendant Tuzinowski admitted that his only justification for the strip search was that Plaintiff was a management problem. Plaintiff asserts that Defendants Root, Radar, and Tuzinowski were all motivated by a desire to retaliate against him for filing grievances.

Plaintiff claims that Defendants violated his rights under the First and Eighth Amendments and seeks compensatory, exemplary, and punitive damages.

## II.  Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

5

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Eighth Amendment claims

Plaintiff claims that Defendants Radar and Whitley were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

Deliberate indifference may be manifested by a doctor's failure to respond to the medical needs of a prisoner, or by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 104–05.

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v.*

6

*Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008). Obviousness, however, is not strictly limited to what is detectable to the eye. Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear. *See, e.g., Rouster v. Saginaw Cnty.*, 749 F.3d 437, 446–51 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer,* 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . : A jury is entitled to 'conclude that a prison

7

official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842)).

Plaintiff alleges that he was suffering from an allergic reaction and exhibited sweating, dizziness, and hives, prompting other prisoners to summon Defendants Whitley and Radar with a wheelchair, but that when Plaintiff expressed a need to use the toilet, Defendant Radar left his cubicle with the wheelchair, leaving the wheelchair in the hallway. However, when Plaintiff lost consciousness, Defendant Whitley rushed back to Plaintiff's cubicle and watched while a group of prisoners placed Plaintiff in the wheelchair. Plaintiff asserts that Defendant Radar should not have left Plaintiff's cubicle when Plaintiff expressed a desire to use the toilet, and that Defendant Whitley did nothing to prevent Plaintiff from falling after Defendant Radar removed the wheelchair. Plaintiff also claims that Defendant Whitley should have helped place him in the wheelchair instead of allowing other prisoners to do the work.

The Court notes that none of the facts alleged by Plaintiff support an inference that Defendants Radar and Whitley were deliberately indifferent to Plaintiff's need for medical care. Neither Defendant Radar nor Defendant Whitley are medical professionals. When Plaintiff indicated that he needed to defecate, Defendant Radar left the cubicle. There is no indication that this action was motivated by anything other than a desire to give Plaintiff privacy to use the toilet. As soon as Plaintiff fell, Defendant Whitley "rushed into the cubicle along with a number of prisoners," who assisted Plaintiff into the wheelchair. (ECF No. 1, PageID.5.) While Defendants Radar and Whitley may have been negligent in leaving Plaintiff alone in his cubicle to defecate after he stated he was dizzy, such conduct by non-medical personnel does not rise to the level of deliberate indifference. Therefore, Plaintiff's Eighth Amendment claims are properly dismissed.

### B. First Amendment retaliation claims

Plaintiff alleges that Defendants Radar, Root, and Tuzinowski retaliated against him in violation of the First Amendment. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff claims that he filed a grievance against Defendants Radar and Whitley on March 3, 2021. The filing of a nonfrivolous prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000).

On March 11, 2021, Plaintiff learned that Defendant Radar had wrongfully packed his property with his bunkie's property. When Plaintiff complained to Defendants Root and Radar, he was told that he would learn his lesson about filing grievances. When Defendant Tuzinowski arrived moments later, he immediately placed Plaintiff in handcuffs and took him to the control center for an unwarranted strip search. Plaintiff asserts that Defendant Tuzinowski "blindly accepted Defendant Radar and Root comments." Defendant Radar's removal of Plaintiff's property and the purportedly false statements of Root and Radar that Plaintiff was posing a

9

management problem—which resulted in being handcuffed and strip searched—could rise to the level of adverse actions that might chill protected conduct.

Plaintiff's allegations that Root and Radar indicated they were acting because of the grievance Plaintiff had filed supports an inference that the adverse actions were motivated by Plaintiff's protected conduct. Accordingly, the Court concludes that Plaintiff has sufficiently stated retaliation claims against Defendants Radar and Root. However, Plaintiff fails to allege any facts showing that Defendant Tuzinowski was aware of Plaintiff's prior grievance against Defendants Radar and Whitley, or that he was motivated by a desire to retaliate against Plaintiff because of the grievance. Therefore, Plaintiff's retaliation claim against Defendant Tuzinowski is properly dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Whitley and Tuzinowksi will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, Plaintiff's Eighth Amendment claim against Defendant Radar. Plaintiff's First Amendment retaliation claims against Defendants Radar and Root remain in the case.

An order consistent with this opinion will be entered.

Dated: November 2, 2022

/s/ *Maarten Vermaat*
Maarten Vermaat
United States Magistrate Judge